```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

KENNETH RUDGE,

                Defendant.
-------------------------------------------------------X

20-CV-3996 (KMW)
16-CR-311 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Kenneth Rudge moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rudge makes two arguments in support of his contention that he received ineffective assistance of counsel. First, Rudge contends that, at the time of his guilty plea, he did not know to what offense he was pleading guilty. Second, Rudge contends that defense counsel failed to raise at sentencing the contention that Rudge's § 924(c) plea to Count Two rested on an invalid predicate offense. Had defense counsel done so, Rudge argues, he would have withdrawn his plea, or it would have been vacated. For the reasons below, Rudge's motion is DENIED.

**BACKGROUND**

Rudge was a leader of a group of individuals, known as "YNR," that was distributing heroin and crack cocaine in the Bronx, NY. (Presentence Investigation Rep. ¶¶ 11, 13, ECF No. 224.) In the course of his involvement with YNR, Rudge engaged in robberies and gun violence, culminating in Rudge's murder of Nelson Dubon during a robbery on January 21, 2016. (*Id.* ¶¶ 14–18.)

Rudge's motion is predicated on there having been incorrect descriptions of his offense in

the plea agreement and once during his guilty plea allocution.[1]  These mistakes incorrectly described his Count Two underlying crime as a "conspiracy," rather than as a substantive offense.

These mistakes, however, caused Rudge no prejudice, given that during the allocution, (1) Rudge acknowledged that he had read and understood the Superseding Information, and had had adequate time to discuss it with his lawyer (Plea Tr. 8:19–9:3), and (2) when asked to state what he did in connection with the charge in Count Two, Rudge said: "And Count Two.  January 21, 2016, during a robbery attempt, I possessed a gun and discharged it, and unfortunately, a bullet killed Nelson Dubon."  (Plea Tr. 20:20–22.)

On June 22, 2017, Rudge waived indictment and agreed to proceed on a Superseding Information charging him with (1) discharging a firearm in furtherance of narcotics trafficking ("Count One") and (2) discharging a firearm in connection with a Hobbs Act robbery ("Count Two"), both in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (*See* ECF Nos. 190, 191.)  Count Two also included a charge pursuant to § 924(c)(1)(C)(i), which provides an enhanced mandatory minimum penalty for multiple violations of § 924(c).  (*Id.*); *see also* 18 U.S.C. § 924 (c)(1)(C)(i). On June 29, 2017, Rudge entered a guilty plea to the two counts charged in the Superseding Information pursuant to a plea agreement.  (Plea Tr. 9:13.)

During his plea allocution, when asked by Magistrate Judge Fox whether he was "ready to plead to Information S5 16 Cr. 311," Rudge affirmed that he was.  (*Id.* 9:8–13.)  He then

---

[1]  At one point during the plea allocution, Magistrate Judge Fox incorrectly described "Count Two of the information," stating that it "charg[ed] that [Rudge] used, carried, possessed, and discharged a firearm on or about the 21st day of January 2016 during and in relation to and in furtherance of a crime of violence, a *conspiracy to commit* a narcotics-related robbery, in violation of Title 18 United States Code Section 1951 . . . ."  (Plea Tr. 12:4–10 (emphasis added), ECF No. 193.)  Apart from this one instance, however, Magistrate Judge Fox correctly described Count Two during the plea allocution.  (*See, e.g.*, Plea Tr. 22:6–9 ("I want to focus your attention on Count Two of the information.  You indicated that during a robbery attempt in January 2016, you discharged a firearm, killing another person."); 22:12–14 ("Was the attempted robbery that you described when you were talking about Count Two of the information related to narcotics-related activity?")).

pleaded guilty.  (*Id.*)  Later in the proceeding, Rudge again affirmed that he was "certain that [he] underst[ood] the nature of the charges to which [he was] pleading."  (*Id.* 14:25–15:2.)  Magistrate Judge Fox found that Rudge "underst[ood] the nature of the charges made against him *through the information*," and that his "plea [was] being made . . . voluntarily and knowingly."  (*Id.* 27:15–20 (emphasis added).)

On July 6, 2017, upon review of the plea allocution transcript, the Court determined that Rudge had entered his guilty plea knowingly and voluntarily, and accepted Rudge's guilty plea.  (*See* Order, ECF No. 197.)  On July 23, 2018, the Court imposed the mandatory minimum sentence of 420 months.  (Sentencing Tr. 8:17-23, ECF No. 369.)  Judgment was entered that same day.  (ECF No. 367.)

In a submission dated July 5, 2019, Rudge sought to "withdraw [his] guilty plea."  (Mot. Withdraw at 2, ECF No. 408.)  He followed with a § 2255 motion received on May 21, 2020, and then a second § 2255 motion approximately one month later.  (ECF Nos.  425, 437.)  On April 30, 2021, the Court appointed counsel to assist Rudge in filing a consolidated brief "covering all of [his] factual and legal allegations" related to his three prior submissions.  (Order at 2, ECF No. 476.)  Rudge submitted his consolidated memorandum on February 9, 2022.  (Supp. Mem., ECF No. 518.)  The Government filed its opposition on February 22, 2022 (ECF No. 520) to which Rudge replied on March 8, 2022 (Def.'s Reply, ECF No. 523). [2]

**LEGAL STANDARD**

A federal prisoner may move the sentencing court to "vacate, set aside, or correct the

---

[2]  In his Reply, Rudge withdrew his arguments regarding Points II through IV from his consolidated memorandum submitted on February 9, 2022, leaving only Point I remaining.  (*See* Def.'s Reply at 2 n.1.)  Accordingly, the only issues that remain in dispute concern the validity of Rudge's guilty plea and the Hobbs Act robbery underlying Count Two of the Superseding Information.

3

sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Ineffective assistance of counsel claims may properly be raised in a motion pursuant to Section 2255. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017). Such a motion requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To succeed on a claim of ineffective assistance of counsel, a petitioner "must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "When considering the first prong, [courts] 'strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Thus, a petitioner bears a "heavy" burden to show that counsel's "representation amounted to incompetence under prevailing professional norms." *Harrington v. United States*, 689 F.3d 124, 129–30 (2d Cir. 2012).

## DISCUSSION

Rudge makes two arguments in support of his contention that he received ineffective assistance of counsel. First, Rudge contends that, at the time of his guilty plea, he did not know to what offense he was pleading guilty. Second, Rudge contends that defense counsel failed to raise at sentencing the contention that Rudge's § 924(c) plea to Count Two rested on an invalid predicate offense. Had defense counsel done so, Rudge argues, he would have withdrawn his

plea, or it would have been vacated.  Before turning to the merits of Rudge's § 2255 motion, the Court first addresses whether a hearing is required.

## I. No Hearing Is Required to Rule on Rudge's Motion

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  In assessing whether such a hearing is warranted, "the court looks primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief."  *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974).

As discussed *supra*, Rudge's § 2255 claim arises from the content of the plea agreement, and one statement made by Magistrate Judge Fox during the plea allocution.  These statements have already been preserved in the record, and the parties do not present any new information that raises a dispute as to these facts.  Thus, additional testimony would not clarify or meaningfully add to the record.  Accordingly, the Court concludes that the written submissions are sufficient to decide the petition and no hearing is required.  Doing so "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing."  *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

## II. Rudge's Argument that He Did Not Know to Which Offense He Was Pleading Guilty

Rudge argues that his plea to Count Two was invalid because he was misinformed as to the particular charge to which he pleaded guilty.  He contends that defense counsel's alleged failure to point out the "error in the plea agreement . . . compounded by the magistrate judge at the time of the plea[,]" was not a "minor []or technical" error and thus also constituted a

5

violation of Rule 11 of the Federal Rules of Criminal Procedure. (Supp. Mem. at 6, 8.) The record is clear, however, that Rudge pleaded guilty to Count Two as it was stated in the Superseding Information, not as it was stated in the plea agreement.

A district court may not accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). To that end, Rule 11 of the Federal Rules of Criminal Procedure establishes certain requirements for a plea allocution that are designed to ensure that a defendant's guilty plea is voluntary and intelligent. *See Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007); Fed. R. Crim. P. 11.

Pursuant to Rule 11, a "district court must advise the defendant of the right to plead not guilty, the rights waived by pleading guilty, and other specific consequences of pleading guilty, such as the maximum penalties he faces, 'including imprisonment, fine, and term of supervised release.'" *Youngs*, 687 F.3d at 59 (quoting Fed. R. Crim. P. 11(b)(1)). However, any "variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Therefore, when a defendant does not make a Rule 11 objection during the plea, he "must establish that the [Rule 11] violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Rudge has not established a defect in his plea allocution that would render his plea invalid. There was no need for defense counsel to object regarding Rudge's guilty plea to Count Two of the Superseding Information because nothing in the record suggests Rudge misunderstood the offense at issue. At the beginning of the guilty plea proceeding, Rudge's

counsel confirmed that the Superseding Information was "the accusatory instrument to which" Rudge was pleading guilty. (Plea Tr. 2:15–21.) Throughout the proceeding, Magistrate Judge Fox consistently referenced "Count Two of the information" or the "offenses as set forth [or "outlined" or "described"] in the information." (*See id.* 9:17–18, 11:20, 12:4, 13:8–9, 13:13–14, 16:9–10, 17:11, 20:11–12, 20:15–16, 22:6–7, 22:13–14, 22:17, 22:21–22, 27:16.) Magistrate Judge Fox did not reference the plea agreement until after he had reviewed the charges against Rudge and confirmed that Rudge "underst[ood] the nature of the charges to which [Rudge was] pleading." (*Id.* 14:25–15:1.) After hearing the Government state the elements of Count Two to include "the underlying crime of violence here [of] Hobbs Act robbery" (*Id.* 16:20–21), Rudge confirmed that he "still . . . desire[d] to tender a plea of guilty[.]" (*Id.* 17:10–13.)

When asked to describe his offense conduct in his own words, Rudge did not mention any "conspiracy." (*See id.* 20:20–22.) Instead, Rudge stated: "And Count Two. January 21, 2016, during a robbery attempt, I possessed a gun and discharged it, and unfortunately, a bullet killed Nelson Dubon." (*Id.*) Following a lengthy Rule 11 colloquy, Magistrate Judge Fox stated that he was "satisfied that the plea [was] being made by [Rudge] voluntarily and knowingly" as to "the charges made against him *through the information*." (*See id.* 27:15–19 (emphasis added).)

Therefore, Rudge's argument he "was misinformed as to the very crime" to which he pleaded guilty is unavailing. (*See* Supp. Mem. at 8.) Because the record shows that he understood and pleaded guilty to the charge in Count Two of the Superseding Information, Rudge cannot establish that, but for defense counsel's alleged error, he would not have pleaded guilty. Accordingly, he has not provided a "substantial reason" for the Court to depart from its prior finding that his guilty plea—as to Count Two of the Superseding Information—was knowingly and intelligently made. *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)

("[Defendant's] testimony [at his allocution] carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made."). Thus, the Court concludes that Rudge's guilty plea was valid.

### III. Rudge's Argument that Count Two Rested on an Invalid Predicate Offense

Rudge also argues that Count Two "rested on an invalid predicate" offense—namely, "conspiracy to commit a narcotics-related robbery," and thus defense counsel should have challenged Count Two at sentencing. (Supp. Mem. at 7, 9–11.) He contends that, pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), conspiracy to commit a narcotics-related robbery is not "a crime of violence and could not serve as a basis for a § 924(c) conviction." (*Id.* at 10.) Therefore, "but for counsel's deficient performance, the Count Two plea would have been withdrawn and/or vacated." (*Id.* at 11.)

As an initial matter, *Davis* had not yet been decided at the time of Rudge's sentencing on July 23, 2018.[3] Thus, it was unavailable as a basis for defense counsel to challenge Count Two of the Superseding Information. That notwithstanding, as described above, Rudge has not shown that he mistakenly pleaded guilty to the substantive crime based on the incorrect references to a "conspiracy."

Section 924(c)(1) provides enhanced penalties for a defendant who uses a firearm during the commission of "any crime of violence . . . for which the person may be prosecuted in a [federal] court." 18 U.S.C. § 924(c)(1)(A). Rudge does not contest that he used a firearm during the Hobbs Act robbery underlying Count Two. Accordingly, his claim hinges on whether, after *Davis*, Hobbs Act robbery is a "crime of violence" for purposes of applying § 924(c).

---

[3] *Davis* was decided on June 24, 2019. *See Davis*, 139 S. Ct. 2319 (2019).

8

Section 924(c)(3) defines a "crime of violence" as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "elements" or "force" clause], or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual" clause].

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the "residual clause" at § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. As a result, offenses that qualify as crimes of violence only via the residual clause—as opposed to the still-valid elements clause—can no longer serve as predicates for firearms convictions pursuant to 924(c)(1)(A). Instead, an offense must satisfy the elements clause to constitute a "crime of violence."

"To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . [a court] must apply a 'categorical approach.'" *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). In applying the categorical approach, a court must identify "the minimum criminal conduct necessary for a conviction of the predicate offense (in this case, a Hobbs Act robbery), and then . . . consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A)." *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018). The Second Circuit, following several other circuits, has held that Hobbs Act robbery is categorically a crime of violence pursuant to the elements clause of § 924(c)(3)(A). *Id.* at 60.

Even if *Davis* had been decided at the time of sentencing, it would not have affected the outcome of Rudge's sentencing on Count Two. No objection by defense counsel would have overcome the fact that Hobbs Act robbery is, as a matter of law, a qualifying predicate offense. Accordingly, Rudge has not established that he received ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, Rudge's motion pursuant to 28 U.S.C. § 2255 is DENIED. Because Rudge has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Rudge may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is respectfully directed to close the motions at ECF No. 408, 425, and 437 in case number 16-CR-311.

SO ORDERED.

Dated: New York, New York
October 20, 2022

                                                         */s/ Kimba M. Wood*
                                                  KIMBA M. WOOD
                                                  United States District Judge